Andrew Francisco, District of Columbia Bar No. 1619332
Asst. Federal Public Defender
104 South Wolcott Street, Suite 601
Casper, Wyoming 82601
307-772-2781
andrew.francisco@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    v.<br><br>DAMIEN ELRIC HUGHES,<br><br>     Defendant. | Case No. 23-CR-159-ABJ |

### MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

  Defendant, Damien Elric Hughes, through counsel, respectfully moves the Court for an order continuing the trial date and setting the trial in this matter beyond time limits set forth in 18 U.S.C. § 3161 *et seq.* and 18 U.S.C. § 3164 *et seq.* ("Speedy Trial Act"). Specifically, Mr. Hughes asks this Court to extend the trial date for 70 days from the current trial date of February 20, 2024, to a date and time convenient for the Court. This extension is necessary as Mr. Hughes has indicated a desire to obtain the results of a psychosexual evaluation to aid in resolving the allegations at issue without trial. The Defense anticipates that Mr. Hughes will be evaluated mid-March and will receive a report detailing the results of his evaluation by the first week of April 2024. The Defense will require time to review

1

the report, to share its findings with the Government, and ultimately to decide whether any proposed agreement resulting therefrom is in Mr. Hughes' best interest.

Undersigned counsel has consulted with counsel for the Government, Assistant United States Attorney Christyne Martens, regarding a continence of trial under these circumstances, and AUSA Martens does not object to the Court granting this request.

## I. Background

Mr. Hughes was indicted on November 14, 2023, on eight counts of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C., §§ 2252A(a)(5)(B) and (b)(2). (ECF No. 1). Mr. Hughes was taken into federal custody on December 11, 2023, and his initial appearance was held on December 12. (ECF Nos. 22, 9.) Defense counsel entered his appearance on December 13, 2023. (ECF No. 12.) Mr. Hughes' arraignment and detention hearings were held on December 15, 2023. (ECF No. 16.) He was released on bond that same day. (ECF No. 19.) Jury trial was set for February 20, 2024. The Government timely produced initial discovery on December 19, 2023. Plea negotiations remain ongoing.

## II. Argument

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the Defendants' initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, Speedy Trial deadlines are not immutable, and the Act sets forth an extensive list of reasons allowing for periods of delay, which are

excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). A district court may exclude from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice continuance, the court must make its findings on the record. *Zedner v. United States*, 547 U.S. 489, 507 (2006); 18 U.S.C. § 3161(h)(8)(A).

This extension is necessary because Mr. Hughes is entitled to the effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Effective assistance of counsel also includes the ability for the defendant to conduct a thorough investigation of all evidence, both inculpatory and exculpatory, so that intelligent decisions can be made regarding motions and to evaluate whether to go to trial or to negotiate an agreement. The Defense and the Government have been in ongoing negotiations regarding a plea agreement; however, the Government has conditioned components of its proposed agreement on certain evidence that Mr. Hughes can obtain only through a comprehensive psychosexual evaluation. As such, the Defense requires time to facilitate the evaluation process and will then need time to meet and confer with the Government to negotiate a resolution acceptable to Mr. Hughes.

For the reasons stated above, not granting this request would force Mr. Hughes either to go to trial or to change his plea without the full benefit of all potential factual and legal arguments in his favor. Accordingly, a continuance will further the interests of the case and the parties in reaching a just resolution. Moreover, a continuance at this stage in the proceedings will not inconvenience the Government or any anticipated witnesses and will not prejudice Mr. Hughes, who is compliant with the conditions of his pretrial release and actively seeking full-time employment.

Denying this request for an extension would result in a miscarriage of justice. Ultimately, after an exhaustive review of all discovery materials and evidence, Mr. Hughes will need to decide whether a trial is in his best interest or whether his interests would be better served through a negotiated resolution. Thus, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Accordingly, Mr. Hughes asks this Court to extend his trial date for 70 days from the current trial date of February 20, 2024, to a date and time convenient for the Court, and to exclude this time from the Speedy Trial Act calculation.

DATED this 25th day of January 2024.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
> */s/ Andrew Francisco*
> Andrew Francisco
> Assistant Federal Public Defender

5

## CERTIFICATE OF SERVICE

      I hereby certify that on January 25, 2024, the foregoing was electronically filed and consequently served on counsel of record.

                                            */s/ Andrew Francisco*
                                            Andrew Francisco